NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | | |
|---|---|---|
| JOHN CARUSO, | : | Civil No. 03-0652 (AET) |
| Petitioner, | : | |
| v. | : | **O P I N I O N** |
| RONALD CATHEL, et al., | : | |
| | : | |
| Respondents. | : | |

---

**APPEARANCES:**

    JOHN CARUSO, #312903/712535-A, Petitioner Pro Se
    Southern State Correctional Facility
    P.O. Box 150
    Delmont, New Jersey  08314

    ELIZABETH M. DEVINE, Deputy Attorney General
    OFFICE OF THE NEW JERSEY ATTORNEY GENERAL
    Division of Criminal Justice, Appellate Bureau
    P.O. Box 086
    Trenton, New Jersey 08625
    Attorneys for Respondents

**THOMPSON, DISTRICT JUDGE**

    John Caruso ("Caruso"), who is confined at the Southern State Correctional Facility in Delmont, New Jersey, filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a), raising a number of grounds for relief.  The State filed an Answer opposing the Petition, accompanied by relevant portions of the State court proceedings.  For the reasons expressed

below, the Court will deny habeas relief, dismiss the Petition and decline to issue a certificate of appealability. See 28 U.S.C. §§ 2254 (a) and (d); 2253 © (2).

## I.  BACKGROUND

On June 25, 1999, after a jury trial, Petitioner was convicted of second degree aggravated assault, in violation of N.J.S.A. 2C: 12-1(b)(2), and unlawful possession of a weapon in the third degree, in violation of N.J.S.A. 2C:39-5(b).  (Petition, Paragraph 4.)  Petitioner was sentenced to a term of ten years imprisonment, with a five year period of parole ineligibility on the aggravated assault count, and a concurrent five year term on the weapon possession conviction.  (Answer, Paragraph 3.)  The New Jersey Appellate Division affirmed his conviction and sentence on April 5, 2002.  (Pet., Paragraph 9.)  The New Jersey Supreme Court denied certification on September 5, 2002.  (Id.)  Petitioner timely filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on February 14, 2003.  (Docket.)  In its Answer, the State opposes the Petition on its merits.

## II.  FACTS

Federal courts in habeas corpus cases are required to give deference to the factual findings of both the state trial and appellate courts. Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996) (citing Sumner v. Mata, 449 U.S. 539, 546 (1981) (section 2254 makes no distinction between the factual determinations of a state trial court and those of a state appellate court)).  See also 28

U.S.C. § 2254 (e)(1).[1]   The factual recital is taken from the New Jersey Appellate Division Opinion in this case:

> In the early morning of May 17, 1995, there was a robbery in Trenton, and while police officials were investigating the robbery, a man was found dead lying in the street. The man. identified as Jose Toledo, had been shot to death. The officers received information that Toledo was one of the persons who committed the robbery. Apparently there had been encounters between defendant and Toledo earlier that night, and in their final encounter defendant allegedly ran after Toledo and shot him. [Opinion of the New Jersey Appellate Division in State v. Caruso, A-0055-99T4, State's Exhibit Re-5, at 2.]

### III.  DISCUSSION

Standards Governing Petitioner's Claims

Section 2254(a) grants federal district courts subject matter jurisdiction to entertain a claim that a state prisoner is in custody in violation of the federal constitution or federal law or treaties.  Section 2254(a) provides, in pertinent part:

> . . . a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

A habeas corpus petition must "specify all the grounds for relief," and set forth in summary form "the facts supporting each of the grounds thus specified."  See Rule 2 (c) of the Rules Governing Section 2254 Cases in District Courts.  Petitioner has the burden of establishing each claim in the Petition.  See United States v. Abbott, 975 F. Supp. 703,705 (E.D. Pa. 1997).

---

[1] Section 2254 (e)(1) provides: In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Under 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), federal courts in habeas corpus cases must give deference to determinations of the state courts. Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996) (citing Parke v. Raley, 506 U.S. 20, 36 (1992)). Habeas corpus relief must be denied as to

> any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding [28 U.S.C. § 2254 (d) (1)].

The Supreme Court interpreted this standard in Williams v. Taylor, 529 U.S. 362 (2000), explaining that

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. [529 U.S. at 412-13]

See also Marshall v. Hendricks, 307 F.3d 36, 51 (3d Cir. 2002), cert. denied, 538 U.S. 911 (2003.). Whether a state court's application of federal law is "unreasonable" must be judged objectively; an application may be incorrect, but still not unreasonable. Williams, 529 U.S. at 409-10. In addition, "in certain cases it may be appropriate to consider the decisions of inferior

4

federal courts as helpful amplifications of Supreme Court precedent." Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 890 (3d Cir.), cert. denied, 524 U.S. 824 (1999).  Finally, in considering claims raised in a habeas petition, federal courts "must presume that the factual findings of both state trial and appellate courts are correct, a presumption that can only be overcome on the basis of clear and convincing evidence to the contrary." Stevens v. Delaware Correctional Center, 295 F.3d 361, 368 (3d Cir. 2002).  See also Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001) (federal court must ". . . afford state courts' factual findings a presumption of correctness, which the petitioner can overcome only by clear and convincing evidence.").

      The United States Supreme Court also has emphasized that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions" because, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); accord Engle v. Isaac, 456 U.S. 107, 119-20 (1982); Barry v. Bergen County Probation Dep't, 128 F.3d 152, 159 (3d Cir. 1997), cert. denied, 522 U.S. 1136 (1998).  "[M]ere errors of state law are not the concern of [the federal] Court, unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution." Wainwright v. Goode, 464 U.S. 78, 86  (1983) (quoting Gryger v. Burke, 334 U.S. 728, 731 (1948)); see also Johnson v. Rosemeyer, 117 F.3d 104, 109 (3d Cir. 1997); United States ex rel. Jacques v. Hilton, 423 F. Supp. 895, 899-900 (D.N.J. 1976).  "[I]t is well established that a state court's misapplication of its own law does not generally raise a constitutional claim." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citations and internal quotation marks omitted), cert. denied sub

nom. Dist. Attorney of Bucks County v. Smith, 522 U.S. 1109 (1998); see also Wainright v. Sykes, 433 U.S. 72, 81 (1977) (questions of state substantive law are not federal claims); Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).

A federal district court may not convert a ground asserting a violation of state law into a ground asserting a violation of the federal constitution.[2] Nor may the court address a constitutional claim that is apparent from the facts of the case, but is not set forth on the face of the petition as a ground for relief.[3] A federal district court must dismiss a habeas corpus petition, summarily or otherwise, if it appears from the face of the petition that petitioner does not claim a constitutional violation. Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); Rule 4 of the Rules Governing Section 2254 Cases.[4] "If a state prisoner alleges no

---

[2] See Engle v. Issac, 456 U.S. 107, 119-20 & n.19 (1982) (insofar as petitioners simply challenged the correctness of the self-defense instructions under state law, their petitions alleged no deprivation of federal rights, and § 2254 was inapplicable); Kontakis v. Beyer, 19 F.3d 110, 116-17 & n.10 (3d Cir. 1994) (where petitioner asserted in § 2254 petition that the exclusion of testimony violated his rights under state law, federal court may not consider ground, not set forth in the petition, that exclusion of the testimony violated his federal due process rights).

[3] See Withrow v. Williams, 507 U.S. 680, 695-96 (1993) (where habeas petition raised claim that the police had elicited petitioner's statements without satisfying Miranda, the district court erred when it "went beyond the habeas petition and found the statements [petitioner] made after receiving the Miranda warnings to be involuntary under due process criteria"); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir.), cert. denied, 528 U.S. 911 (1999) (where petition contains ground asserting the ineffective assistance of counsel during plea negotiations and trial, the district court may not consider ground, evident from the facts but not raised in the petition, that counsel was ineffective by failing to advise petitioner that he faced a longer sentence by appealing the conviction).

[4] Rule 4(c) provides: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." The Advisory Committee Notes to Rule 4 emphasize that "'notice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" (citing Aubut v.
(continued...)

deprivation of a federal right, § 2254 is simply inapplicable. It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts." Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982); see also James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 9.1 (3d ed. 1998).

Claims Asserted in the Petition

A.   Ground One

Petitioner claims that his right to due process of law was violated "by the trial court's failure to adhere to the law of the case." (Pet., Ground One.) As the State noted in its brief to the Appellate Division:

> Here, defendant voiced his clear desire to proceed pro se at his initial appearance before Judge Demartin. His request was granted. Defendant again maintained that he desired to proceed pro se during his appearance before Judge Parrillo, who also initially granted defendant's request. Because of defendant's refusal to comply with the procedural rules of the court, and over defendant's objection, Judge Parrillo later reversed that decision and appointed a public defender to represent defendant. When the matter was transferred to Judge Koenig for trial, defendant again renewed his request, which was again granted. It is against this factual backdrop that defendant now argues that Judge Koenig failed to follow the law of the case by granting defendant's request to proceed pro se. [Answer, Ex. Re-2, Brief on behalf of the State of New Jersey to the Appellate Division in State v. Caruso]

The New Jersey Appellate Division, stated that after through consideration of the contentions of Caruso and his counsel, that it was "satisfied that each of them is without sufficient merit to warrant discussion in a written opinion" and affirmed Petitioner's conviction. (Ans., Ex Re-5 at 6-7, Opinion of the New Jersey Appellate Division in State v. Caruso, A- 0055-99T4.)

---

[4](...continued)
Maine, 431 F.2d 688, 689 (1st Cir. 1970)).

Petitioner has failed to meet his burden in establishing a constitutional violation in this instance, and this Court can not conclude that the determination of this issue in state court resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Williams v. Taylor, supra.  See also Chadwick v. Janecka, 312 F.3d 597, 606 (3d Cir. 2002), cert. denied, 538 U.S. 1000 (2003) (state court's rejection of petitioner's claim without explanation was a decision on the merits and thus entitled to § 2254(d) deference); Barclay v. Spitzer, 2003 WL 24053776, *18 (E.D. N.Y September 1, 2003) (state appellate court's determination of meritlessness was not contrary to the standard announced in Williams v. Taylor, supra.).  The Court will deny relief on this claim.

B.    Ground Two

Petitioner next contends that the trial court failed to advise him that he could be convicted of a crime not expressly contained in the indictment, thus invalidating his purported waiver of his Sixth Amendment right to counsel.  (Pet., Ground Two.)  As the New Jersey Appellate Division stated:

> Moreover, there is no basis whatever in the record for defendant's claim that he was not informed of the possibility that lesser included charges could be considered by the jury.  Indeed, this information was in fact communicated to him in a hearing before Judge Parillo on June 10, 1996, and the second degree crime of aggravated assault was specifically mentioned by the prosecutor in colloquy with the judge and defendant as one of the crimes that the jury could consider. [(Ans., Ex Re-5 at 6-7, Opinion of the New Jersey Appellate Division in State v. Caruso, A- 0055-99T4.)]

Again, Petitioner has failed to meet his burden in establishing a constitutional violation in this instance, and this Court can not conclude that the determination of this issue in state court resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Williams v. Taylor, supra.; Chadwick, supra.; Barclay, supra.. The Court also will deny relief on this claim.

C.   Grounds 3-6, 8-10, and 16.

Petitioner bases the above-numbered grounds on error committed by the trial court in instructing the jury. He states that erroneous and confusing instructions were given with respect to the law of self-defense (Ground 3); impermissibly vague instructions on the law of justification (Ground 4); failure to instruct on the mistake of law defense (Ground 5); improper instruction on the law of attempt (Ground 6); failure to instruct on character evidence (Ground 8); failure to instruct on the law of oral statements (Ground 9); instruction of the jury on the lesser charge of aggravated assault over Petitioner's objection (Ground 10); and failure to give the charge requested by the Petitioner to the jury (Ground 16) (Petition, attachment to Paragraph 12.)

The standard for reviewing jury instructions is "'whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way that prevents the consideration of constitutionally relevant evidence.'" Buchanan v. Angelone, 522 U.S. 269, 276 (1998) (quoting Boyde v. California, 494 U.S. 370, 380 (1990)). Claims of erroneous jury instructions do not generally form the basis for habeas relief. See United States ex rel. Dorey v. New Jersey, 560 F.2d 584, 587 (3d Cir.1977); see also Henderson v. Kibbe, 431 U.S. 145, 154 (1977). Challenges to

instructions are not cognizable on collateral review unless the disputed instruction "'so infected the entire trial that the resulting conviction violates due process.'" Polsky v. Patton, 890 F.2d 647, 650 (3d Cir.1989) (quoting Cupp v. Naughten, 414 U.S. 141, 146-47,(1973)). The burden of demonstrating that an erroneous instruction was so prejudicial that it supports a collateral attack is weightier than that necessary to establish plain error on direct appeal. See Henderson, supra, 431 U.S. at 154-55; Kontakis v. Beyer, 19 F.3d 110, 114 (3d Cir.1994) (stating that federal courts are limited to deciding if a state conviction violates federal law). A habeas petitioner who challenges state jury instructions must "point to a federal requirement that jury instructions on the elements of an offense . . . must include particular provisions," or "demonstrate that the jury instructions deprived him of a defense which federal law provided to him." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997). Federal district courts simply do not "sit as super state supreme courts for the purpose of determining whether jury instructions were correct under state law with respect to the elements of an offense and defenses to it." Id.; see also Geschwendt v. Ryan, 967 F.2d 877, 888-90 (3d Cir.), cert. denied, 506 U.S. 977 (1992).

  Petitioner has failed to meet his burden of establishing the aforesaid claims; see Abbott, supra. He has in no way shown that the instructions or lack thereof so affected the outcome of the trial as to violate due process. See Johnson v. Rosemeyer, supra. at 110.(" E]rrors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause."). Moreover, as previously noted, "a state court's misapplication of its own law does not generally raise a constitutional claim." Smith v. Horn, supra. at 414. It is also worth noting that Petitioner raised these same claims as federal due process violations before the New Jersey Appellate Division, and all were found meritless. (Ans., Ex Re-5 at 6-7, Opinion of the New Jersey Appellate Division in

State v. Caruso, A- 0055-99T4.)  The current Petition also fails to show the existence of any constitutional merit with respect to these claims  Given these circumstances, this Court can not conclude that the determination of these issues in state court  resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Williams v. Taylor, supra.; Chadwick, supra.; Barclay, supra..  The Court also will deny relief on these claims.

D.     Grounds 7 and 15

   Petitioner also claims that his right to confront witnesses as guaranteed by the Sixth Amendment, as well as his right to due process of law was violated by the State's use of absentee witnesses to prove its case (Ground 7) and that inadmissible evidence was introduced at trial (Ground 15).  (Petition, attachment to Paragraph 12.)  Review of the record (see Answer, Ex. Re-2, Point VI.) indicates that these claims relate to the admission of evidence under state law, and Petitioner has shown nothing that would persuade this Court otherwise.  See  Marshall v. Lonberger, 459 U.S. 422, 438 n.6 (1983) ("the Due Process Clause does not permit the federal courts to engage in a finely-tuned review of the wisdom of state evidentiary rules.").  See also U. S. ex rel. Herring v. Fenton, 531 F.Supp. 937, 942 (D. N.J. 1981) (claim merely involved an issue of State evidence law, and did not "raise a matter of violation of the U. S. Constitution so as to come within 28 U.S.C. § 2254).  Again, the New Jersey Appellate division found these claims, presented as constitutional violations, to be meritless.  (Ans., Ex Re-5 at 6-7, Opinion of the New Jersey Appellate Division in State v. Caruso, A- 0055-99T4.)   As with his other claims, this

11

Court can not conclude that the determination of these issues in state court resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  <u>Williams v. Taylor</u>, <u>supra</u>.; <u>Chadwick</u>, <u>supra</u>.; <u>Barclay</u>, <u>supra</u>..  The Court also will deny relief on these claims.

<u>E</u>.     Ground 11

Petitioner argues that his right to Due Process of Law was violated by the State's improper reliance on a witness without personal knowledge of the facts. (Petition, attachment to Paragraph 12.)  Review of the record (see Ans., Ex Re-2 at pp. 50-51) indicates that this claim essentially involves the proper admission of evidence under New Jersey law.  Petitioner's attempt to present this as a constitutional violation was considered by the New Jersey Appellate Division and found to be without merit.  Again, Petitioner has brought forward nothing that would call for a different determination. Consequently, this Court can not conclude that the determination of this issue by the Appellate Division resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.  <u>Williams v. Taylor</u>, <u>supra</u>.; <u>Chadwick</u>, <u>supra</u>.; <u>Barclay</u>, <u>supra</u>..  The Court also will deny relief on this claim.

<u>F</u>.     Ground 12

Petitioner also claims that his right to the undivided loyalty of counsel pursuant to the Sixth Amendment was violated by counsel's dual role as Petitioner's attorney and as a state

witness against him. (Petition, attachment to Paragraph 12.)  In its brief on appeal, the state argued that no ethical violation had taken place, because no privileged information was elicited from the attorney.   (Ans., Ex. Re-2 at pp. 52-53.)  Beyond broad and vague generalizations, the current Petition also fails to show the existence of any constitutional violation.  As with his other claims, the New Jersey Appellate Division found this claim "without sufficient merit to warrant discussion in a written opinion..."  (Ans., Ex Re-5 at 6, Opinion of the New Jersey Appellate Division in State v. Caruso, A- 0055-99T4.)  Again, this Court can not conclude that the determination of this issue by the New Jersey Appellate Division  resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.  Williams v. Taylor, supra.; Chadwick, supra.; Barclay, supra..  Relief will be denied on this claim.

G.     Ground 13

Petitioner argues that the suppression of exculpatory evidence during the grand jury proceedings in his case violated his right to due process.  (Petition, attachment to Paragraph 12.)  The New Jersey Appellate Division also found this claim to be without merit.  There is no federal requirement for a prosecutor to present exculpatory evidence to the grand jury.  See United States v. Williams, 504 U.S. 36 (1992).  Consequently this Court can not conclude that the state court determination of this issue resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law or resulted in a decision that was based on an

unreasonable determination of the facts in light of the evidence presented. Williams v. Taylor, supra.; Chadwick, supra.; Barclay, supra.. Relief also will be denied on this claim.

H.    Ground 14

Petitioner also argues that his constitutional rights were violated by the prosecutor's misstatement of the law to the grand jury. (Petition, attachment to Paragraph 12.) As the District Court stated in Page v. Hendricks, 2005 WL 2665678, *5 (D.N.J. Oct. 19, 2005):

> [A] claim as to the validity of a state indictment, as opposed to the fairness of a trial, does not typically rise to the level of a constitutional deprivation because any such claims alleging error in a state grand jury proceeding are rendered harmless by the subsequent guilty verdict by a petit jury." See Lopez v. Riley, 865 F.2d 30, 32 (2d Cir.1989). See also United States v. Mechanik, 475 U.S. 66, 72-73 (1986); United States v. Enigwe, 17 F.Supp.2d 390, 393 (E.D.Pa.1998), aff'd, 248 F.3d 1131 (3d Cir.2000), cert. denied, 531 U .S. 1185 (2001). Therefore, the petit jury's eventual conviction of [the defendant] renders harmless [his] unsupported claim of irregularities in the grand jury proceedings.

As with Petitioner's other claims, this claim was found to be meritless. The Court again can not conclude that the state court determination of this issue resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. Williams v. Taylor, supra.; Chadwick, supra.; Barclay, supra.. The Court will again deny habeas relief with respect to this claim.

<u>I.</u>     Ground 17

Petitioner also argues that "virtually the entire closing argument by the prosecutor was improper." (Petition, attachment to Paragraph 12.) As the Court noted in <u>Flecha v. Shannon</u>, 2005 WL 851066, *5 (E.D.Pa.):

> While prosecutorial misconduct may so infect a trial with unfairness as to make any resulting conviction a denial of due process, <u>Greer v. Miller</u>, 483 U.S. 756, 765 (1987), it is not enough that the prosecutor's conduct "is undesirable, erroneous, or even universally condemned." <u>Donnelly v. DeChristoforo</u>, 416 U.S. 637, 643 (1974). Rather, the misconduct must rise to such a level that it deprived the petitioner of a fair trial. <u>Smith v. Phillips</u>, 455 U.S. 209, 221 (1982). At this stage, the present inquiry is "the narrow one of due process, and not the broad exercise of supervisory power." <u>Donnelly</u>, 416 U.S. at 642. Accordingly, the only relevant consideration is whether the state court decision rejecting the claim of prosecutorial misconduct was contrary to, or an unreasonable application of, Supreme Court precedent.

Petitioner has failed to demonstrate a due process violation or violation of any other federal right. See <u>Donnelly v. DeChristoforo</u>, <u>supra</u>.[5] As with all his other claims, the New Jersey Appellate Division found this claim to be meritless. As Petitioner has failed to show that resolution of this issue involved an unreasonable application of clearly established federal law or

---

[5] The Court also notes that, to the extent that Petitioner argues that the admission of certain evidence was improper, he fails to raise a constitutional claim. Federal courts reviewing habeas claims cannot "reexamine state court determinations on state-law questions." <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); <u>Priester v. Vaughn</u>, 382 F.3d 394, 402 (3d Cir. 2004) (citing <u>Estelle</u>). Inquiry as to whether this evidence was correctly admitted under New Jersey law plays "no part [in] a federal court's habeas review of a state conviction." <u>Estelle</u>, 502 U.S. at 67. Because it is "not the province of a federal habeas court to reexamine state-court determinations on state-law questions," this court's inquiry is "limited to deciding whether [petitioner's] conviction violated the Constitution, laws, or treaties of the United States." <u>Id</u>. at 68. For a Due Process violation to exist, the evidence must "be of such quality as necessarily to prevent a fair trial." <u>Kealohapauole v. Shimoda</u>, 800 F.2d 1463, 1465 (9th Cir. 1986), <u>cert. denied</u>, 479 U.S. 1068 (1987). In light of the record, prior state court findings, and his Petition, Petitioner has failed to make the necessary showing of a violation of Due Process.

resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented, habeas relief also will be denied with respect to this claim.  Williams v. Taylor, supra.;  Chadwick, supra.; Barclay, supra..

J.      Ground 18

Finally, Petitioner argues that the accumulation of errors previously discussed violated his right to due process of law.  (Petition, attachment to Paragraph 12.)  The New Jersey Appellate Division found this claim to be without merit, as it did all the others.  (Ans., Ex Re-5 at 6-7, Opinion of the New Jersey Appellate Division in State v. Caruso, A- 0055-99T4.)   As with his other claims, Petitioner has made no showing of any error warranting habeas corpus relief.  See Pursell v. Horn, 187 F.Supp.2d 260 (W.D. Pa 2002) (cumulative effect of alleged trial errors must be so highly prejudicial as to deprive a petitioner of a fair trial).

As the Third Circuit stated in Marshall v. Hendricks, 307 F.3d 36, 94 (3d Cir. 2002), cert. denied, 538 U.S. 911 (2003):

> Here, even were we to cumulate all the claimed errors and superimpose them over the extensive trial proceedings, given the quantity and quality of the totality of the evidence presented to the jury, we could not conclude that the New Jersey Supreme Court unreasonably applied Supreme Court precedent or unreasonably determined the facts in making its ruling.

Habeas corpus relief also will be denied on this claim.

Certificate of Appealability

Because the Petitioner has not made a substantial showing of the denial of a constitutional right, no certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c).  See Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

.

### III.  CONCLUSION

Based upon the foregoing discussion, the Court will deny habeas relief, dismiss the Petition and decline to issue a certificate of appealability.  See 28 U.S.C. §§ 2254 (a) and (d); 2253 (c) (2).

An appropriate Order accompanies this Opinion.

                                          s/Anne E. Thompson
                                          **ANNE E. THOMPSON**
                            **UNITED STATES DISTRICT JUDGE**

**DATED  10-31-2005**